**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| CHARMAINE CONDILLAC<br>20245 Sweet Meadow Lane<br>Laytonsville, MD 20882<br><br>              Plaintiff,<br><br>         v.<br><br>**STEPHEN HAHN,** in his official capacity as<br>Commissioner of Food and Drugs<br>10903 New Hampshire Avenue<br>Silver Spring, MD 20993<br><br>and<br><br>ALEX M. AZAR, II, Secretary of<br>DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>200 Independence Avenue, SW<br>Washington, DC 20201<br><br>              Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)  **Jury Trial Demanded**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Charmaine Condillac, ("Plaintiff," "Ms. Condillac," "Condillac") by way of her counsel, Morris E. Fischer, hereby submits this federal complaint under Title VII, 42 U.S.C. § 2000e *et seq.*, for discrimination based on gender, race, national origin, disability and retaliation and in violation of the Rehabilitation Act, 42 U.S.C. § 12101, et seq. for discrimination and for her protected EEO activity. Ms. Condillac demands a trial by jury on all issues so triable.

## PARTIES

1. Plaintiff, Charmaine Condillac, was an employee of the United States Food & Drug Administration.

2. The Food and Drug Administration is an agency of the United States government within the Department of Health and Human Services with an office at 10903 New Hampshire Ave., Silver Spring, MD 20993.

3. Defendant Stephen Hahn is Commissioner of Food and Drugs and is the senior official at FDA. He is sued in his official capacity. Dr. Gottlieb maintains an office at 10903 New Hampshire Ave., Silver Spring, MD 20993.

4. The Department of Health and Human Services is an agency of the United States government with an office at 200 Independence Ave., SW, Washington, DC 20201.

5. Defendant Alex M. Azar, II is the Secretary of the Health and Human Services.

6. Defendant does business in Silver Spring, Maryland

## JURISDICTION

7. This action arises under the Rehabilitation Act, 42 U.S.C. § 12101, *et seq.*, which prohibit discrimination against disabled employees.

8. Therefore, this court has jurisdiction over these claims under 42 U.S.C. §§ 2000e–5 & –16 (2012).

9. Defendant resides in this judicial district, and a substantial part of the events giving rise to this action took place within this judicial jurisdiction.

10. Therefore, this court has proper venue pursuant to 29 U.S.C. § 1391 (2012).

## FACTS

-3-

11. Plaintiff is an Asian-American woman of Indian dissent and is a Muslim.

12. Plaintiff suffers from a condition of Generalized Anxiety Disorder.

13. Until March or April, 2018, Plaintiff's Generalized Anxiety Disorder was under control to the point where it wasn't an actual disability.

14. However, in March/April 2018, given the harassment that the Plaintiff suffered at work, her Generalized Anxiety Disorder was out of control to the point that it substantially limited her major life activities.

15.  On July 6, 2017, Plaintiff filed a formal EEO discrimination complaint.

16. This EEO Complaint was assigned Agency Number: HHS-FDAOC-OC-067-17.

17. The EEO Complaint alleged that the Plaintiff was discriminated and retaliated against and subjected to continuous harassment on the bases of the aforementioned protected groups starting in February, 2016. Exhibit 1.

18. With respect to her disability, although it wasn't an actual disability, Plaintiff was perceived by her management chain and co-workers to have a disability between February, 2016 to approximately March/April, 2018. Exhibit 1A at 4.

19. The EEO Complaint listed a series of incidents including non-selection for a number of promotions, being denied training, being issued a disciplinary memorandum and being removed from the Corporate Recruitment Team/Office of Human Resources (CRT/OHR) project. Id.

20. One of the primary bad actors in Plaintiff's aforementioned EEO complaint was Albert Conerly, her first-line supervisor.

21. The Plaintiff filed an additional EEO formal complaint on or about July 17, 2018. Exhibit 2.

22. That complaint among other things alleged that Conerly gave Ms. Condillac's work to others on the team, sabotaged her work, held up her documents and ridiculed her about her project plans. Id. at 1-2.

23. The complaint further alleged that Conerly assigned her administrative functions not equivalent to her GS-14 Associate Ombudsman position and that these administrative functions have served as an obstruction to her performing her responsibilities as outlined in her position description. Id.

24. That complaint was amended on or about October 26, 2018. Id. at pages 6-7.

25. That complaint was amended again on or about March 12, 2019. Exhibit 3.

26. The March 12, 2019, Amended Formal Complaint contended that on February 28, 2019, Conerly interacted with Ms. Condillac in a manner of overt aggression that caused her to fear for her physical, professional and emotional safety. Mr. Conerly's ongoing retaliatory threats and intimidation have caused Ms. Condillac stress, which has taken a toll on her health. Exhibit 3.

**Plaintiff's Reasonable Accommodation Request**

27. On April 4, 2019, Complainant submitted a Reasonable Accommodation request seeking Flexible Time to her schedule for medical treatment related to her disability. Exhibit 4.

28. The reasonable accommodation request noted that Plaintiff suffers from anxiety and an intense fear of retaliation and harassment which has a physiological impact including but not limited to high blood pressure. Id.

29. On October 1, 2019, Conerly issued Complainant an Opportunity to Demonstrate Acceptable Performance ("ODAP") over a 60-day period. Exhibit 5.

30. On October 14, 2019, Dr. Daniel York, Plaintiff's Psychologist, communicated with the Agency's independent medical examiner, Edmond Feeks, advising him that Ms. Condillac suffered from Generalized Anxiety Disorder DSM-V 300.02 and Persistent Depressive Disorder DSM-V 300.4. Exhibit 5A. Dr. York treated Ms. Condillac since 2016 and reported that her anxiety disorder had been well controlled through medication, but had significantly worsened. Id. Dr. York recommended a private office for Ms. Condillac (as other co-workers were assigned private offices enabling them to conduct their work privately) and among other accommodations, the ability for her to work virtually, as other co-workers were able. Id. He requested that she be permitted to not attend meetings physically with Mr. Conerly that were becoming increasingly adversarial and further exacerbating Ms. Condillac's stress Id. Never did Dr. York opine that Ms. Condillac be permitted to never deal with Conerly; rather, he requested that she be permitted to deal with him via telecommunications and things of the like. Id.

31. November 4, 2019, Complainant, through Counsel, submitted opposition to the ODAP, pointing out the numerous problems with the ODAP, its administration and that Conerly never assigned Complainant any of the GS-14 Assistant Ombudsman duties as per her position description. Exhibit 6.

32. Facing obvious ramifications for his actions in issuing the ODAP and its administration, Conerly on November 6, 2019, provided Complainant with a document "Documentation of Performance Counseling," indicating that Ms. Condillac's performance had been satisfactory from the date of the ODAP until November 6, 2019. Exhibit 7.

33. On November 8, 2019, Ms. Condillac gave written notice to Robert Thomas who was the Lead Reasonable Accommodation Specialist, and Albert Conerly that she was retracting her request for reassignment as a Reasonable Accommodation. Exhibit 8.

34. Complainant's actual Reasonable Accommodation request issued November 8, 2019 was: (a) telework five days per week and come to the campus/FDA facilities to conduct all ADR strategies conducted in person; and (b) be able to use assistive technology (Cisco Jabber, WebEx) to participate in virtual ADR strategies.

35. Nowhere on that Reasonable Accommodation request did Ms. Condillac indicate that she would refuse to work with her supervisor, Albert Conerly. Id.

36. Three days later on November 11, 2019, Thomas, copying Conerly, confirmed Complainant's retraction for request for reassignment. Exhibit 9.

37. In the same acknowledgment, Thomas asked Ms. Condillac to complete an FDA Form 3526 – Confirmation of Request for Reasonable Accommodation and the Authorization for Disclosure of Information form for each of Condillac's medical care professionals. Id.

38. In the same acknowledgment, Thomas copied Albert Conerly. Id.

39. The next day on November 12, 2019, Conerly, already having knowledge of Ms. Condillac's rescission of her reassignment request, nonetheless issued a response for the Reasonable Accommodation request, treating the reassignment request as still valid. Exhibit 10.

40. Conerly's said memo states that his decision is supported by the medical review that confirms that Complainant could not perform the essential functions of the position. Id.

41. On November 13, 2019, Complainant, by Counsel, challenged the November 12, 2019, memo, in that Complainant retracted her reassignment request and that the source of her anxiety and depressive disorder being exacerbated is her supervisor, Albert Conerly. Exhibit 11. He never provided her the proper performance duties. Furthermore, a week earlier he submitted a memorandum that Complainant was performing the job duties (that he gave her at least) in a satisfactory manner. Id.

42. In response to that letter, Conerly issued another memorandum on November 27, 2019, rescinding her ODAP and concluding that Complainant cannot perform the essential functions of the position and rescinding her three days a week telework (which Conerly established as an interim accommodation). Exhibit 12.

43. The November 27, 2019, letter directed that Plaintiff complete non-essential job functions of identifying resources and compiling a list to be use by OCPR staff to aid in making referrals to individuals seeking assistance to address their concerns and reviewing, compiling and reporting on customer feedback form surveys issued following ADR service delivery. Id.

44. On January 17, 2020, the Agency issued a Proposal to Remove. Exhibit 13.

45. The Proposal to Remove contended that Ms. Condillac was unable to perform the essential functions of her job. Id.

46. The Proposal to Remove contended that Ms. Condillac's Request for Accommodation indicated that she refused to interact with her supervisor. Id.

47. The Proposal to Remove contended that Ms. Condillac was unable to perform a number of duties, which she never received from Albert Conerly. Id.

48. Ms. Condillac would have been quite able to perform all the duties of her job with her requested accommodation. Id.

49. In fact, due to Covid-19, the position held by Ms. Condillac has been done remotely since approximately the middle of March, 2020.

50. Mediations at this agency are being held remotely and all weekly staff meetings are conducted virtually.

51. On or about February 3, 2020, Plaintiff, by Counsel, opposed the Proposed Termination. Exhibit 14.

52. In that opposition, Plaintiff raised the following points: (a) the proposal relied on untrue information; (b) the proposal was part of an ongoing pattern of discrimination and retaliation committed by Conerly; and (c) the proposal was retaliatory because it was the product of Ms. Condillac's whistleblower complaints about the illegality of her ODAP. Id.

53. That opposition further contended that the Proposal to Remove relied on the Associate Ombudsman, GS-30114 position, contending that Ms. Condillac was unable to perform those duties. Id.

54. The opposition further contended that the FOH medical officer determined that Condillac was "a qualified individual with a disability," yet Conerly still contended that Condillac could not perform her essential job functions. Id.

55. The opposition referenced a December 10, 2019, Preliminary Injunction Motion in which the Plaintiff moved for a Court Order from the assigned Administrative Judge to her EEOC cases: 531-2019-00253X and 531-2019-00462X, to direct that the Agency rescind the November 27, 2019, notice and grant her November 8, 2019, Reasonable Accommodation request. Id. (Exhibit B within Exhibit 14).

56. The aforesaid Motion also moved the Court to grant an amendment to her EEOC cases to include the then recent failure to accommodate. Id.

57. The failure to accommodate claim was like or related to the already existing claims because one of the Plaintiff's primary claims was that she never received the duties of her position description and that Conerly was faulting her for failure to do the mediations he never assigned to her. Id.

58. The Administrative Judge never ruled on that motion.

59. On February 10, 2010, Plaintiff moved again at the EEOC for an Administrative Preliminary Injunction against the Agency to stop the termination. Exhibit 15.

60. The assigned Administrative Judge never ruled on that motion either.

61. On February 19, 2020, there was a Decision Notice on the termination, upholding the termination. Exhibit 16.

62. Within thirty (30) days of the Termination Decision, on or about February 27, 2020, Plaintiff filed her appeal rights with the Merit Systems Protection Board ("MSPB"). Exhibit 17.

63. The Merit Systems Protection Board filing listed three bases for the filing: (a) Ms. Condillac should never have been terminated; (b) Ms. Condillac was terminated due to whistleblower disclosures; and (c) she was terminated due to disability discrimination/failure to accommodate. Id. at page 11.

64. On April 14, 2020, the MSPB Dismissed the case Without Prejudice. Exhibit 18.

65. The MSPB decision contended that the Administrative Judge did not have the authority to adjudicate the appeal under *Lucia v. Securities Exchange Commission*, 138 S. Ct. 2044 (2018) because there are no MSPB full board members. Id.

66. The MSPB decision stated that it would become final on May 19, 2020 and that within 30 days of the decision becoming final, Ms. Condillac could file her case in Federal Court. Id.

67. This case is being filed within the window of May 19, 2020 and June 18, 2020.

68. All Administrative requirements have been met.[1]

---

[1] Plaintiff also filed the Notice of Hearing Request Withdrawal regarding the EEOC cases. Exhibit 22.

## COUNT I
## FAILURE TO ACCOMMODATE
## VIOLATION OF THE REHABILITATION ACT

69. Plaintiff re-alleges and reincorporates all prior allegations as if fully stated herein.

70. Plaintiff was a qualified individual with a disability.

71. Plaintiff's disability of Generalized Anxiety Disorder when the triggers increased at work due to harassment and discrimination, interfered with the Plaintiff's ability to work, focus, and sleep.

72. Plaintiff proved she was a qualified individual with a disability because she was able to perform the essential functions of her position, as reported by her supervisor, Albert Conerly on November 6, 2019, when he provided Ms. Condillac with a document "Documentation of Performance Counseling," indicating that Ms. Condillac's performance had been satisfactory from the date of the ODAP until November 6, 2019. Exhibit 7.

73. As stated above, Ms. Condillac requested accommodation.

74. As stated above, Ms. Condillac was led to believe that her November 8, 2019, Reasonable Accommodation request would be taken seriously.

75. Instead, management failed to engage in good faith with Mr. Condillac to find a reasonable accommodation.

76. Instead, management terminated her as a result of failing to grant her Reasonable Accommodation.

77. Failing to accommodate Plaintiff is discrimination in violation of the Rehabilitation Act.

78. The Agency acted wantonly, willfully, with malice, and with reckless indifference to Plaintiff's civil rights.

79. Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other personal damages.

80. Because of the unlawful conduct, Plaintiff's job was made much harder than the similarly situated employees and Plaintiff suffered tangible losses.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT

81. Plaintiff re-alleges and reincorporates all prior allegations as if fully stated herein.

82. Plaintiff suffered the aforementioned tangible, adverse, employment actions.

83. Plaintiff suffered those actions because of her disability.

84. Plaintiff's disability was the reason for the Agency taking the aforementioned tangible, adverse, employment actions as stated in the facts section of this complaint.

85. Employees similarly situated to Plaintiff, who did not have Plaintiff's disability, did not have these tangible, adverse employment actions, including termination, happen to them.

86. None of the Albert Conerly's direct reports were perceived to have a disability.

87. The perceived disability from which the Plaintiff suffered was the perception that she suffered from a mental disorder.

88. Said perception was that the Plaintiff was substantially limited in the activities of working or thinking.

89. Plaintiff's termination was because of her perceived disability.

90. Plaintiff's termination was because of her actual disability.

91. The Agency acted wantonly, willfully, with malice, and with reckless indifference to Plaintiff's civil rights.

92. Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other personal damages.

93. Because of the unlawful conduct, Plaintiff's job was made much harder than the similarly situated employees and Plaintiff suffered tangible losses.

## COUNT III
## RETALIATION

94. Plaintiff re-alleges and reincorporates all prior allegations as if fully stated herein.

95. Plaintiff engaged in protected EEO activity by complaining to the Agency's EEO Office of Civil Rights.

96. Management, Defendant's employees, retaliated against her because she went to the EEO office and complained.

97. Management was motivated by a retaliatory animus stemming from the aforementioned Plaintiff's EEO complaints and other protected activity.

98. Similarly situated employees who did not engage in protected activity did not have these adverse actions taken against them.

99. As a result of Plaintiff's protected activity, Defendant took the actions against her as listed in her Formal Discrimination Complaints and amendments. Exhibits 1-3.

100. As a result of Plaintiff's protected activity, Defendant took the actions against her as listed in her Formal Discrimination Complaints and amendments. Exhibits 1-3.

101. As a result of Plaintiff's protected activity, Defendant terminated the Plaintiff.

102. Because of this unlawful conduct, Plaintiff monetary damages and additionally suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other personal damages.

## COUNT IV
## DISABILITY DISCRIMINATION IN VIOLATION OF
## TITLE VII

103. Plaintiff re-allages and reincorporates all prior allegations as if fully stated herein.

104. Plaintiff suffered the aforementioned tangible, adverse, employment actions as per Exhibits 1-3.

105. Plaintiff race was the motivating factor in Defendant's aforesaid actions against the Plaintiff.

106. Persons outside of Plaintiff's race, non Asian-Americans, were not subject to the aforesaid actions.

107. Plaintiff's religion was the motivating factor in Defendant's aforesaid actions against the Plaintiff.

108. Persons outside of Plaintiff's race, non Asian-Americans, were not subject to the aforesaid actions.

109. The Agency acted wantonly, willfully, with malice, and with reckless indifference to Plaintiff's civil rights.

110. Because of this unlawful conduct, Plaintiff suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other personal damages.

## COUNT V
## REVIEW OF PLAINTIFF'S
## WHISTLEBLOWER CLAIMS

111. Plaintiff re-alleges and reincorporates all prior allegations as if fully stated herein. As per 5 U.S.C. § 7703 (b)(2) and *Perry v. Merit Systems Protection Board*, 137 S.Ct. 1975 (2017) as articulated on the MSPB initial decision, Plaintiff is entitled to judicial review of her whistleblower retaliation claims if she files her Federal Complaint within thirty (30) days after the MSPB decision becomes final. Exhibit 18 at page 9.

112. The MSPB initial decision became final on May 19, 2020. Id. at page 3.

113. Attached hereto is the MSPB filing and exhibits listing the whistleblower contentions and retaliation Ms. Condillac suffered. Exhibit 19.

114. On March 18, 2020, the MSPB Administrative Judge issued a Notice that Ms. Condillac respond to the Agency's Dismissal Motion contending that he lacked the authority to decide the appeal and that, effectively, the MSPB lacked the authority to decide the appeal. Exhibit 20.

115. Ms. Condillac responded to the AJ's order on or about April 8, 2020. Exhibit 21.

116. On April 14, 2020, the AJ Dismissed the case Without Prejudice. Exhibit 18.

117. As such, Plaintiff brings a Cause of Action for this Federal Court to review the MSPB AJ's decision as per Exhibit 18.

118. As such, Plaintiff brings a Cause of Action for this Federal Court to review the MSPB's effective dismissal on the merits of the whistleblower retaliation claims, per Exhibit 19.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks the following relief:

    a. A declaratory judgment that the conduct of the Agency challenged herein was illegal and in violation of the aforementioned laws;

    b. Reinstatement into the position with all back pay.

    c. Compensatory damages in an amount to be proved at trial, including compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described herein;

    d. Reasonable attorneys' fees, expenses, and costs incurred by Plaintiff; and

    e. Such other and further relief as the Court may deem just.

Date: 6/11/2020                                        Respectfully Submitted,

                                          _____/s/_____
                                          Morris E. Fischer, Esq.
                                          Morris E. Fischer, LLC
                                          MD Bar No. 26286
                                          8720 Georgia Avenue, Suite 210
                                          Silver Spring, MD 20910
                                          301-328-7631 Office
                                          301-328-7638 Fax
                                          Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

    Plaintiff requests a trial by jury on all matters properly tried to a jury.


Date:  6/11/2020                                   Respectfully Submitted,


                                                             /s/
                                    Morris E. Fischer, Esq.
                                    Morris E. Fischer, LLC
                                    MD Bar No. 26286
                                    8720 Georgia Avenue, Suite 210
                                    Silver Spring, MD 20910
                                    301-328-7631 Office
                                    301-328-7638 Fax
                                    Attorney for Plaintiff